LOBRANO, Judge.
This appeal arises from a summary judgment granted in favor of Travelers Insurance Company and against Northern Assurance Company of America.

FACTS:

On or about January 20,1987, a van driven by Carol L. Simon was involved in an accident with an automobile driven by Todd Bloom. The van was owned by Simon’s employer, Monroe-Nash Company and was insured by Northern.
On January 19, 1988, Simon filed suit against Bloom and Bloom’s insurer, Champion Insurance Company. When Champion later became insolvent, Simon amended her petition to include claims against Northern, the uninsured motorist (UM) carrier of the van and Travelers, the UM carrier of Simon’s personal vehicle.
On January 10, 1991, Simon voluntarily dismissed her claims against Bloom, Champion and the Louisiana Insurance Guaranty Association (LIGA), with prejudice. Simon reserved her rights against Northern and Travelers. Two years later, on January 17, 1993, Simon filed a motion to dismiss Travelers, without prejudice, which was granted the following day.
On February 9, 1993, Northern filed a petition naming Travelers as third-party defendant. On April 28,1993, Travelers filed a motion for summary judgment, together with a motion for sanctions. In its motion for summary judgment, Travelers argued that Northern could not proceed against Travelers because the two companies were not solidarity liable and because Northern did not have a right of subrogation against Travelers. The trial court granted Travelers’ motion and dismissed Northern’s third-party claim. Northern appeals.
The issue for review is whether a primary UM carrier and the statutory excess UM carrier are solidarity hable so as to permit contribution between them. The trial court held they are not. We affirm.
Louisiana Revised Statute 22:4009(D)(l)(c) provides:
*1298 (ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party * * * the following priorities of recovery under uninsured motorists coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) If the primary uninsured motorist coverage is exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. No more than one coverage from more than one uninsured motorist policy shall be available as excess over and above the primary coverage available to the injured occupant.
In the instant case, it is undisputed that Northern is the primary UM insurer and that Travelers is the statutory excess UM insurer. Travelers argues that because primary and excess UM insurers have separate obligations under Louisiana Revised Statute 22:4009(D)(l)(e)(ii)(bb) they are not solidarity liable. We agree.
Pursuant to the plain language of Revised Statute 22:4009(D)(l)(c)(ii)(bb), Simon may recover from Travelers only where “the primary uninsured motorist coverage is exhausted due to the extent of damages.” Hence, Simon’s voluntary dismissal of Travelers had no effect on Northern’s liability to Simon. Northern, as primary UM insurer, was liable to the full extent of UM coverage under its policy regardless of whether Travelers was a defendant in Simons’ suit. Northern and Travelers are not solidarity liable, and Northern has no right of subrogation or other cause of action for contribution against Travelers.
Northern further argues that the UM anti-stacking laws have never purported to regulate the duties and obligations between multiple insurers of an accident victim. In support Northern cites Lee v. USAA Casualty Insurance Company of America, 571 So.2d 127 (La.1990). Lee is not applicable to the instant appeal.
Unlike the plaintiff in the instant case, the plaintiff in Lee maintained her claims against two excess UM carriers through the conclusion of the trial, at which time she was awarded $1.6 million. On appeal, the sole issue for review was the order of payment under three UM policies: (1) a $250,000 Safe-co policy on the vehicle driven by the plaintiff, a Datsun owned by plaintiffs father; (2) a $250,000 Safeco policy on a Chevrolet van owned by plaintiffs father; and (3) a $1,000,-000 CNA umbrella policy on the Datsun.
Confining its analysis entirety to the ranking of the two excess UM policies, the Supreme Court concluded:
“..., we find no compelling reasons in either the background of the anti-stacking exception or in the public policy surrounding UM insurance to require a contractually excess insurer to pay ahead of a primary insurer which is .deemed statutorily excess for purposes of stacking. The proper ranking of the coverages is (1) Safeco’s primary coverage on the Datsun ($250,-000); (2) Safeco’s primary coverage (statutorily excess) on the Chevrolet van ($250,-000); (3) CNA’s umbrella excess policy (the balance of the judgment, $906,600).” at p. 130.
Pursuant to the holding in Lee, there is no question that a plaintiffs recovery will be paid first from the primary UM insurer to the exhaustion of the primary policy limits, and then from the statutory excess UM insurer(s). Nothing in Lee contemplates the possibility that the primary insurer may then seek contribution from a statutory excess insurer.
Northern also cites Hull v. Louisiana Indemnity, 606 So.2d 923 (La.App. 3rd Cir. 1992), wherein the Third Circuit Court of Appeals held that a statutory excess UM carrier had a right of subrogation from another statutory excess UM carrier. We do not comment on the correctness of the Hull decision. Suffice it to say that the Court in Hull concluded that the three excess carriers were solidarity liable because plaintiff could have chosen to recover from any one of them. In the instant case, Northern, plaintiffs primary UM carrier, is attempting to recover from a statutory excess insurer. Hull does not address this issue. As in Lee, there is nothing in the decision which can be con *1299 strued as providing a primary UM carrier with a right of subrogation from a statutory excess UM carrier.
Thus, pursuant to the plain language of Louisiana Revised Statute 22:4009(D)(l)(c), we hold that Northern, as primary UM insurer, is liable to the extent of its UM coverage. Northern does not have a right of subrogation or other cause of action for contribution against Travelers. The judgment of the trial court is correct.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellant.
AFFIRMED.